### W. B. HUDSON *v.* J. H. LETCHER.

**Deeds—Acceptance Discharges Title Bond.**

A deed made and accepted, in pursuance to a title bond, for the land embraced therein, is a discharge and merger of the latter.

**Same—Action—Remedy.**

An action will not lie on the title bond, for a deficit. The remedy of plaintiff would be a reformation of the deed, and recovery of the overplus paid.

APPEAL FROM GARRARD CIRCUIT COURT.

October 12, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

August 29, 1848, W. B. Hudson sold to C. P. and J. H. Letcher, a described tract of land "supposed to be 250 acres" at fourteen dollars per acre, one-third to be paid when possession surrendered, which was to be from 1st to 10th October, following, and the remainder in four equal annual installments, the last to bear interest for one year.

Before the first payment was made the title bond, binding Hudson to make a general warranty deed when the purchase price was fully paid, had been assigned to appellee who made the payment. All these parties were then residents in Garrard county, Kentucky, but in the latter part of 1848 Hudson removed to Tennessee, having received the first payment.

Appellee continued to make the other payments until all were

satisfied, when in October, 1852, on the last payment being made, appellant by his agent made to appellee a general warranty deed. which the latter acknowledges he accepted, but from some unexplained cause the bond was not then tendered.

In the year 1855 appellee having discovered a deficit of twenty odd acres in the tract sued appellant in an action of *assumsit* in the Davidson circuit court, State of Tennessee and recovered verdict for the money paid for this deficit, but which the court set aside, as asserted, because the action should have been covenant instead of *assumsit,* and afterwards appellee suffered a non-suit, and thus matters rested until June 11, 1860, when appellee finding appellant in Garrard county sued him therein, first on the lost bond, but by several amendments going for a recovery on the bond which he finally filed a certified copy and the cause was transferred to equity.

The defendant made several responses in which he conceded that he believed and sold said land as containing 250 acres and had received pay for that much, but in avoidance set up that he had sold the same parties another tract of land and that on a survey it was found to contain over the supposed number of acres and that when it was proposed to survey this tract of land, the surveyor being on the ground, appellee claimed he had a right under the bond to claim a conveyance and the tract of land at 250 acres without survey, and which he elected to take, hence, the deed was made by appellant's agent and accepted by appellee. He also set up the bar by limitations.

Whilst there is no evidence as to the reasons of the acceptance of the deed by appellee, this account of the matter gives moral force to the uncontroverted fact that the deed was accepted and strengthens the legal presumption that a deed made and accepted in pursuance to a title bond is discharge and merger of the latter, especially when its retention, as in this case, is wholly unexplained and unaccounted for by the holder.

The deed being accepted and this being a presumed satisfaction of the bond, it is apparent that the suit should be brought on the covenants of the deed if any such are violated and if through mistake or oversight no such covenants are incorporated then a reformation of the deed should be sought, neither of which is done in this proceeding.

When the deed shall be sought to be reformed, or any of its

covenants are sought to be enforced in a court of equity, then the fact whether the appellee preferred to receive a deed for the tract by its boundaries rather than run the hazard of having an additional amount to pay for any possible surplus, can be duly considered by the court.

But as the suit is now brought and for the causes assigned by appellee, it is impossible for him to maintain this action or judgment, hence the question as to whether the statute of limitation of five years bars said suit is unnecessary and irrelevant, as the bar on the deed will be fifteen years.

On the return of the cause, however, both parties should be permitted to amend their pleadings to conform to these views, but unless the plaintiff should offer to do so at the first term of the court his petition and amendments should be dismissed without prejudice.

Wherefore the judgment in his behalf is reversed, with directions for further proceedings as herein directed.

Judge Hardin dissenting.

*Dunlap, for appellant.*

*McKee, Burdett, for appellee.*